United States Court of Appeals,

Eleventh Circuit.

No. 94-3139.

UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,

v.

William O. STEELE, Defendant-Appellant, Cross-Appellee.

July 24, 1997.

Appeals from the United States District Court for the Northern District of Florida. (No. 94-03055RV), Roger Vinson, Judge.

Before TJOFLAT and BIRCH, Circuit Judges, and SMITH* Senior Circuit Judge.

ON PETITION FOR REHEARING

BIRCH, Circuit Judge.

The government petitions for a panel rehearing. We grant the petition and substitute the following opinion for the previous opinion reported at 105 F.3d 603 (11th Cir.1997).

I. OVERVIEW

This appeal presents the issue of whether an indictment charging a pharmacist with dispensing controlled substances in violation of 21 U.S.C. § 841(a)(1) must allege conduct outside the scope of professional practice. The indictment in this case did not allege that the pharmacist's conduct was outside the scope of professional conduct, but the pharmacist was convicted. Because we are bound by a prior panel decision holding that the indictment of a practitioner must allege behavior outside the scope of professional practice, we REVERSE.

II. BACKGROUND

Defendant-appellant, William O. Steele, was a registered pharmacist at North Hill Pharmacy in Pensacola, Florida. Allegedly with full knowledge that the prescriptions for controlled substances were forged, Steele filled numerous prescriptions for Larry and Gloria Ellis over the course of several months. The Ellises, who were convicted for passing forged prescriptions at North Hill

*Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

Pharmacy, testified against Steele and are serving their sentences.

A four-count indictment charged Steele with dispensing the controlled substances commonly known as Dilaudid, Xanax, Valium, and Percodan in violation of section 841(a)(1). Section 841(a)(1) provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense ... a controlled substance." Each count of the indictment tracks the statutory language and is identical to the other counts except for the identification of a different controlled substance in each count. Count One, for example, provides as follows:

> That from on or about July 1, 1993, and continuously thereafter, up to and including on or about November 2, 1993, in the Northern District of Florida, the defendant, William O. Steele, did knowingly and intentionally dispense hydromorphone hydrochloride, a schedule II controlled substance, commonly known as Dilaudid, in violation of Title 21, United States Code, Section 841(a)(1).

Steele filed a motion for a bill of particulars or, alternatively, for dismissal of the indictment for lack of specificity. The district court denied the motion.

The first trial ended in a mistrial when the jury could not reach a verdict. At the conclusion of the government's case in the second trial, Steele filed a motion for a judgment of acquittal and alleged in part that the indictment failed to charge that Steele had dispensed the controlled substances contrary to the ordinary course of his professional practice as a registered pharmacist. The court denied the motion, and the defense rested without presenting evidence. Steele was convicted on all four counts.

Steele raises three issues on appeal:  1) insufficiency of the indictment, 2) gender bias in the government's peremptory strikes during jury selection, and 3) insufficiency of the evidence. The government cross-appeals the court's downward departure from the Sentencing Guidelines. Because we find, in view of binding circuit precedent, that the indictment was insufficient and reverse the conviction, we do not reach the other issues raised by Steele or the government's cross-appeal related to sentencing.

### III. DISCUSSION

Whether an indictment sufficiently alleges a statutorily proscribed offense is a question of

law. *Rodriguez v. Ritchey,* 556 F.2d 1185, 1191 n. 22 (5th Cir.1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978). We review questions of law *de novo. United States v. Shenberg,* 89 F.3d 1461, 1478 (11th Cir.1996). Steele argues that, because he is a registered pharmacist who lawfully can dispense controlled substances under 21 U.S.C. § 822(b), the indictment must allege that he dispensed the controlled substances outside the scope of his professional practice.[1] The government contends that the indictment includes each element of the offense because it tracks the language of section 841(a)(1) and because the exception for practitioners is an affirmative defense which must be raised by the defendant. In addition, the government points to 21 U.S.C. § 885(a)(1), which provides that the indictment need not negate a statutory exception.[2]

Practitioners, such as physicians and pharmacists,[3] who legally can dispense controlled substances can be convicted under section 841(a)(1) when their actions fall outside the scope of legitimate professional practice. The Supreme Court previously has affirmed a conviction of a physician under section 841(a)(1) because he exceeded the bounds of legitimate medical practice. *United States v. Moore,* 423 U.S. 122, 96 S.Ct. 335, 46 L.Ed.2d 333 (1975). We subsequently held that pharmacists similarly are subject to conviction under the statute when their activities fall outside the usual course of professional practice. *United States v. Hayes,* 595 F.2d 258 (5th Cir.), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 89 (1979).

The issue here is whether behavior outside the scope of professional practice must be alleged in the indictment when a pharmacist is charged under section 841(a)(1) for dispensing controlled substances. It is an established rule that each essential element of an offense must be alleged in an indictment. *E.g., United States v. Debrow,* 346 U.S. 374, 376, 74 S.Ct. 113, 114, 98 L.Ed. 92 (1953). Thus, an indictment using only statutory language is sufficient only if the statute itself sets

---

[1]Although Steele makes several arguments to support his allegation that the indictment is insufficient, we need address only whether the indictment fails to allege each element of the offense.

[2]The government first raised the statutory argument in this petition for rehearing.

[3]Physicians and pharmacists are both defined as "practitioners" in 21 U.S.C. § 802(20).

forth all essential elements of the offense. *United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1881). "If the statute omits an essential element of the offense, or includes it only by implication, then pleading the statutory language will not suffice, and the omitted element must be alleged directly and with certainty." 1 Charles A. Wright, *Federal Practice and Procedure* § 124, at 369-70 (2d ed.1982) (collecting cases). In contrast, an affirmative defense need not be negated in an indictment. *United States v. Sisson,* 399 U.S. 267, 288, 90 S.Ct. 2117, 2128, 26 L.Ed.2d 608 (1970). Thus, in this case, the necessity of including an allegation of behavior outside the scope of professional practice in the indictment turns on whether it is an essential element of the offense or an affirmative defense, which should properly be proved by Steele.

> Under section 885,
>
> the United States [is not required] to negative any exemption or exception set forth in [the] subchapter [pertaining to control and enforcement of drug abuse prevention] in any complaint, information, indictment, or other pleading ..., and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit.

21 U.S.C. § 885. "Practitioners" fall within an exception to 21 U.S.C. § 841, which provides that it is illegal to make, sell, or possess controlled substances "[e]xcept as authorized by this subchapter." Thus, under statutory law, status as a practitioner is an affirmative defense, and an indictment for a violation of section 841 need not allege that a pharmacist is acting outside the scope of professional practice.

Our analysis, however, cannot stop with the statute. We must also look to binding case law, even when it conflicts with the statutory law. In *United States v. Outler,* 659 F.2d 1306, 1309 (5th Cir. Unit B 1981), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 665 (1982), we held that behavior outside the scope of professional practice is an essential element of the offense when a physician is charged under section 841(a)(1). Without addressing section 885(a)(1),[4] we rejected

---

[4]In *Outler,* we based our ruling on the constitutional principles of the Fifth and Sixth Amendments. We refused to speculate as to the grand jury's decision in view of the government's failure to allege each essential element of the offense without potentially "depri[ving] the defendant of a basic protection which the guarantee of the intervention of a grand jury was designed to secure." *Outler,* 659 F.2d at 1311 (quoting *Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962)).

the government's argument in *Outler* that acting within the scope of legitimate medical practice is an affirmative defense that a physician must raise. In reaching this determination, we reasoned that Congress did not intend a presumption that physicians who dispense controlled substances do so without legitimate reasons. *Id.* at 1309-10 & n. 3.

The government seeks to distinguish *Outler* from the present case on the basis of language in the *Outler* indictment that is lacking in Steele's indictment. The government argues that, because the indictment in *Outler* included the phrase "by means of a prescription" and did not include an allegation that the drugs were prescribed without a legitimate medical purpose, the indictment on its face was misleading to the grand jury. The government further argues that use of the word "prescription" in the *Outler* indictment implied a practitioner whereas Steele's indictment made no reference to his status as a pharmacist and was, consequently, sufficient on its face.

We are unpersuaded by the government's attempt to distinguish *Outler*. First, the word "dispense," like the word "prescribe," implies a practitioner. Section 802(10) defines "dispense" as "deliver a controlled substance to an ultimate user ... by, or pursuant to the lawful order of, *a practitioner,* including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for delivery." 21 U.S.C. § 802(10) (emphasis added). Thus, "dispense" by statutory definition is delivery performed by a practitioner.

Second, the analysis in *Outler* did not turn on the use of the language "by means of a prescription." In fact, we used the terms "prescribe" and "dispense" interchangeably in *Outler.* 659 F.2d at 1308 ("Counts One through Fifteen involved charges of prescribing or, in the language of the [Controlled Substances Act], "dispensing' controlled drugs.").

Finally, we reject the government's attempt to distinguish *Outler* because an indictment which on its face does not identify the defendant as a practitioner does not change the essential elements of the offense when a practitioner is prosecuted under section 841(a)(1) for illegally dispensing controlled substances. In *Outler* we held that the element of behavior beyond professional practice must be alleged in an indictment "*whenever* a physician is charged with

[dispensing] drugs in violation of 21 U.S.C. § 841(a)." Id. at 1310 (emphasis added). The reasoning in *Outler* logically extends to practitioners like pharmacists who "dispense" controlled substances.

The holding in *Outler* stands in apparent conflict with section 885(a)(1). Nonetheless, we find that the *Outler* decision controls in this case.[5] Because we are bound by *Outler,* we determine that the indictment is insufficient to support the conviction.

## IV. CONCLUSION

In this appeal, Steele argues that the indictment was insufficient to support his conviction under 21 U.S.C. § 841(a)(1) because it failed to allege each essential element of the offense. In an earlier panel decision by this court, we determined that behavior outside the scope of professional practice is an essential element of the offense whenever a practitioner is charged with dispensing drugs in violation of section 841(a)(1). This decision apparently conflicts with 21 U.S.C. § 885(a)(1), which provides that the practitioner exception is an affirmative defense that the government need not allege in the indictment. Despite this apparent conflict, however, we are bound by our circuit precedent holding that an indictment failing to allege behavior outside the scope of professional practice cannot support a conviction when a practitioner is charged with illegally dispensing controlled substances. We therefore conclude, as we did in our prior panel opinion, that the indictment in this case was insufficient to support the conviction. Accordingly, we REVERSE.

---

[5]"The law in this circuit is emphatic that "only a decision by this court sitting *en banc* or the United States Supreme Court can overrule a prior panel decision.' " *United States v. Woodard,* 938 F.2d 1255, 1258 (11th Cir.1991)(quoting *United States v. Machado,* 804 F.2d 1537, 1543 (11th Cir.1986)). Thus, even if it conflicts with statutory law, we are bound by *Outler* until such time as it is overruled.