**UNITED STATES of America, Plaintiff,**

v.

**John RONAN, Defendant.**

**No. 97 CR 578.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 15, 1997.

William D. Shaver, Assistant U.S. Attorney, Chicago, IL, for U.S.

Allan A. Ackerman, Allan A. Ackerman, P.C., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The defendant, John Ronan, has moved to dismiss his indictment. The indictment charges Dr. Ronan, a licensed dentist in the State of Illinois, with acquiring a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge, in violation of 21 U.S.C. § 843(a)(3), and with knowingly and intentionally possessing a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Dr. Ronan moves to dismiss the indictment on two grounds: (1) the government failed to allege an essential element of Section 841(a)(1) in the indictment, and (2) the pre-indictment delay was too lengthy. For the following reasons, the motion to dismiss is denied.

### Essential Elements of Section 841(a)(1)

■ Dr. Ronan is charged in a four count indictment with acquiring and providing steroids, Schedule III Controlled Substances, to a third-party in violation of 21 U.S.C. §§ 841(a)(1) & 843(a)(3). Dr. Ronan argues that the government has not alleged an essential element of Section 841(a)(1) in the indictment, specifically, that Dr. Ronan was acting "outside the scope of his professional practice" when he committed the charged crimes. A medical practitioner who legitimately prescribes or distributes controlled substances is statutorily exempt from prosecution under Section 841(a)(1) as long as the distributions occur within the usual course of the practitioner's practice. 21 U.S.C. § 822. Licensed medical practitioners may, however, be prosecuted under Section 841(a)(1) when "their activities fall outside the usual course of professional practice." *United States v. Moore*, 423 U.S. 122, 124, 96 S.Ct. 335, 337, 46 L.Ed.2d 333 (1975).

The government argues that it is not required to negate an exemption to Section 841(a)(1) by alleging in the indictment that Dr. Ronan does not fall within the exemption. This argument is supported by 21 U.S.C. § 885(a)(1), which states, in pertinent part, that "[i]t shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, indictment ... and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit." *See also United States v. Roya*, 574 F.2d 386, 391 (7th Cir.1978) ("An indictment founded on a general provision of a statute need not negative an exception made by a proviso or other distinct clause, whether in the same section or elsewhere.") (citation omitted). Further, the Seventh Circuit has found that it is not an essential element of Section 841(a) to allege that the dispensing of a controlled substances by a medical practitioner was done without a legitimate medical purpose. *Roya*, 574 F.2d at 391. The government's indictment alleges that Dr. Ronan knowingly and intentionally possessed with the intent to distribute certain Schedule III Controlled Substances. The language of the indictment mirrors the language of Section 841(a)(1).

Dr. Ronan's argument relies on a recent Eleventh Circuit case. *United States v. Steele*, 117 F.3d 1231 (11th Cir.1997). In *Steele*, the court found that "status as a practitioner is an affirmative defense, and an indictment for a violation of section 841 need not allege that a [medical practitioner] is acting outside the scope of professional practice." *Id.* at 1234. Nonetheless, the court felt itself bound by a previous case within its circuit that held that the scope of professional practice is an essential element of Section 841(a)(1) when a physician is charged under the statute. *United States v. Outler*, 659 F.2d 1306, 1309 (5th Cir.1981). The *Steele* court specifically noted that the *Outler* court had not addressed the plain language of Sec-

tion 885(a)(1), but the court still found it was bound by precedent to conclude that "scope of professional practice" is an essential element of Section 841(a)(1).

The reasoning of the *Outler* court is not persuasive. The plain language of Section 885(a)(1) is clear. The Seventh Circuit has rejected the requirement that indictments under Section 841(a)(1) allege the dispensing of controlled substances is without a legitimate medical purpose. Like the *Steele* court, I find that status as a practitioner is an affirmative defense that need not be negated by the words of the indictment. The government's indictment is sufficient to allege a violation of Section 841(a)(1).

### Pre–Indictment Delay

Dr. Ronan argues that a lengthy pre-indictment delay warrants the dismissal of his indictment. The acts charged in the indictment occurred in August and September, 1992, but Dr. Ronan was not indicted until August, 1997. The government's indictment was brought within the applicable statute of limitations. Further, Dr. Ronan has not asserted any prejudice based on the pre-indictment delay.

 Dr. Ronan may establish a due process violation based on the pre-indictment delay if he can prove "the delay caused actual and substantial prejudice to his fair trial rights, and ... that the government delayed indictment to gain a tactical advantage or some other impermissible reason." *United States v. Sowa*, 34 F.3d 447, 450 (7th Cir. 1994). "[A]llegations of prejudice must be specific, concrete and supported by the evidence—vague, speculative, or conclusory allegations will not suffice." *United States v. Fuesting*, 845 F.2d 664, 669 (7th Cir.1988) (citations omitted). Dr. Ronan has presented absolutely no evidence that he suffered any prejudice due to the pre-indictment delay. Indeed, he admits he does not assert any substantial prejudice. (Df. Pretrial Mot. at 13). Instead, Dr. Ronan argues I have plenary power to dismiss the indictment based on the facts of his case and other authorities, mainly dealing with the Sixth Amendment.

Dr. Ronan is wrong.[1] The case law is clear regarding pre-indictment delay. Dr. Ronan has not presented facts which amount to a due process violation based on pre-indictment delay.

Dr. Ronan next argues that his indictment should be dismissed pursuant to Federal Rule of Criminal Procedure 48(b), which permits a court to dismiss an indictment if there has been an "unnecessary delay in presenting [a] charge to a grand jury ... against a defendant who has been held to answer to the district court...." Rule 48(b) is limited to post-arrest situations where after arrest there is an "unnecessary delay" in bringing charges before the grand jury. *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971); *accord United States v. Juarez*, 561 F.2d 65, 68 (1977). Dr. Ronan has not alleged he suffered a substantial post-arrest pre-indictment delay. Indeed, it appears Dr. Ronan was not actually arrested until after the indictment was returned. (Gov. Brief at 12). Accordingly, Rule 48(b) is inapplicable to Dr. Ronan's case.

### Conclusion

For the foregoing reasons, Dr. Ronan's motion to dismiss his indictment is denied.

---

1. Dr. Ronan's reliance on the Sixth Amendment is misplaced. The Sixth Amendment is inapplicable to pre-indictment delay. *United States v.* *Lovasco*, 431 U.S. 783, 788, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977).