[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-12903
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-02313- CV-T-26-TBM

GULF FISHERMEN'S ASSOCIATION,

Plaintiff-Appellant,

versus

CARLOS M. GUTIERREZ,
in his official capacity as Secretary of the
United States Department of Commerce,
NATIONAL OCEANIC AND ATMOSPHERE ADMINISTRATION,
NATIONAL MARINE FISHERIES SERVICE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2008)

Before BARKETT, FAY and STAPLETON*, Circuit Judges.

_____

     * Honorable Walter K. Stapleton, Senior Circuit Judge for the United States Court of
Appeals for the Third Circuit, sitting by designation.

PER CURIAM:

Appellant, the Gulf Fishermen's Association ("GFA"), appeals the district court's order granting the Appellees' motion for summary judgment for lack of jurisdiction. The district court held that the GFA's complaint was time-barred under the limitations provision of the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801 et seq. (the "Act"). On appeal, the GFA argues that its suit challenging Amendment 18A to the Fishery Management Plan for the Reef Fish Resources of the Gulf of Mexico ("Amendment 18A") was timely under the judicial review provisions of the Act, 16 U.S.C. § 1855(f), because it was filed within thirty days after an action by the Secretary of Commerce (the "Secretary"). By its own terms, the Act permits a challenge to a regulation implementing a fishery management plan so long as it is filed within thirty days after the publication of the regulation or an action by the Secretary under that regulation. Because the GFA filed its challenge to Amendment 18A nine days after the Federal Register published a Secretarial action implementing that regulation, we find the suit was timely and reverse the district court's grant of summary judgment for lack of jurisdiction.

BACKGROUND

The Act vests in the Secretary the authority to make final rules and

amendments to fishery management plans. The Secretary has delegated that authority to the National Marine Fisheries Service ("NMFS"), a division of the Department of Commerce. On August 9, 2006, the NMFS published in the Federal Register a final rule implementing Amendment 18A. See 71 Fed. Reg. 45428. Amendment 18A requires, inter alia, that owners and operators shall install and maintain a NMFS-approved Vessel Monitoring System ("VMS") on any vessel possessing a federal commercial permit to harvest and sell reef fish in the Gulf of Mexico. The initial effective date for Amendment 18A's VMS requirement was December 7, 2006.

On December 6, 2006, the Secretary, through the NMFS, delayed the effective date for implementation of the VMS requirement until March 7, 2007. See 71 Fed. Reg. 70680. The purpose of the delay was to provide affected owners and operators with additional time to comply with the VMS requirement. Id. On December 15, 2006, nine days after publication of the new implementation date, the GFA filed suit, pursuant to § 1855(f), challenging the legality of Amendment 18A's VMS requirement.

The Appellees moved to dismiss the complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming it was barred by the thirty-day limitations period in § 1855(f)(1). The district court denied the motion.

The parties then filed cross motions for summary judgment, and the Appellees reasserted their claim that the district court lacked jurisdiction under § 1855(f)(1). This time the district court agreed with Appellees' argument, granting summary judgment for Appellees. The court concluded that because the GFA's suit challenges the VMS requirement itself, rather than the delay of the effective date, it should have been filed within thirty days of Amendment 18A's publication on August 9, 2006.

## DISCUSSION

Section 1855(f) of the Act provides for judicial review of regulations and Secretarial actions that implement a fishery management plan. In outlining the scope of judicial review, the statute includes a limitations provision that states, in relevant part, that:

> Regulations promulgated by the Secretary under this chapter and actions described in paragraph (2) shall be subject to judicial review . . . if a petition for such review is filed within 30 days after the date on which the regulations are promulgated or the action is published in the Federal Register, as applicable . . . .

16 U.S.C. § 1855(f)(1). The statute defines "actions" as "actions that are taken by the Secretary under regulations which implement a fishery management plan." Id. § 1855(f)(2).

4

As a threshold issue, Appellees contend that the Secretary's notice delaying the effective date for implementation of the VMS requirement was not an "action" within the meaning of § 1855(f). Appellees argue that we should interpret the Secretary's notice as a separate regulation that operated to amend the VMS requirement. The Secretary's notice operated to postpone the effective date of the VMS requirement. The effective date is an indispensable part of the substance of the regulation because it determines when the regulation will be implemented. To the extent that the VMS requirement has no legal effect prior to its effective date, it is only logical that delaying that effective date must be considered an action taken under the regulation, not a separate regulation.

Accepting that the Secretary's notice was an action under § 1855(f), the Appellees further argue that § 1855(f) does not allow the GFA to challenge the underlying regulation when the petition's timeliness is dependent on a Secretarial action. However, the text of the statute states that regulations <u>and</u> actions are subject to review if a petition for review "is filed within 30 days after the date the regulation is promulgated <u>or</u> the action is published." 16 U.S.C. § 1855(f)(1) (emphasis added). Thus, if a petition for review of a regulation that implements a fishery management plan is filed within thirty days of a Secretarial action under that regulation, it is timely.

5

The plain text of § 1855(f) does not preclude judicial review of a regulation beyond the thirty days after its publication where there has been a subsequent Secretarial action under that regulation. Our reading of § 1855(f) is consistent with the Ninth Circuit's recent interpretation in Oregon Trollers Ass'n v. Gutierrez, 452 F.3d 1104 (9th Cir. 2006), cert. denied, __ U.S. __, 127 S. Ct. 2028, 167 L. Ed. 2d. 762 (2007). In Oregon Trollers, the Ninth Circuit held that publication of a Secretarial action in the Federal Register triggers a new thirty-day limitations period in § 1855(f)(1) for challenges to both the action and the regulation under which the action is taken. Id. at 1113. The Ninth Circuit reasoned, and we agree, that "[t]he conjunctive 'and'–italicized above–indicates that both regulations *and* actions are reviewable in a timely filed petition. The disjunctive 'or'–also italicized above–indicates that a petition is timely if it is filed within thirty days of either the promulgation of the regulation *or* publication of the action." Id. (citations omitted).[1]

Although we need not rely on legislative history because we find the

---

[1] Assuming that the reasoning of Oregon Trollers requires a petitioner to challenge both the regulation and the action, rather than providing the petitioner the option to challenge only the regulation, we believe the GFA has satisfied that burden given the nature of the action in this case. In challenging the VMS requirement, the GFA is in essence challenging both the underlying regulation and the action delaying the VMS requirement's effective date because a successful challenge to the underlying regulation would have the effect of rendering the action delaying the effective date a nullity.

language of § 1855(f) to be plain and unambiguous, see Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1167 (11th Cir. 2003), we note that the congressional committee reports demonstrate that "Congress said what it meant and meant what it said." United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). The Senate Committee Report explains that the 1990 Amendments to the Act addressing judicial review of a fishery management plan regulation contemplated that Secretarial action under that regulation would trigger the limitations period for review of the regulation and the action taken thereunder. The Committee found:

> Under current law, a management plan or regulation only can be challenged in court within 30 days after publication in the Federal Register. However, a substantial period may lapse between the time a regulation to implement a fishery management plan is published and the time action is taken by the Secretary pursuant to the regulation. *In many instances, it is only when such an action is taken that participants in the fishery can assess whether a petition for judicial review is necessary*. The time lapse between publication o[f] a regulation and Secretarial action may deny individuals the opportunity *to challenge regulations* at the point in time when they can determine that such a challenge is necessary. The amendments made by this subsection would allow a challenge within 30 days of the time that a Secretarial action is published.

S. Rep. No. 101-414 (1990), as reprinted in 1990 U.S.C.C.A.N. 6276, 6298

(emphasis added). As the Ninth Circuit noted, the House Committee Report indicates the same intent to "allow a challenge within 30 days of the time that a regulation is *implemented*," not merely published. Oregon Trollers, 452 F.3d at 1114 (quoting H.R. Rep. 101-393, at 28 (1990)) (emphasis added).

After reviewing both the text and the legislative history of § 1855(f), we hold that a petition filed within thirty days of the publication of a Secretarial action, as defined in § 1855(f)(2), may challenge both the action and the regulation under which the Secretarial action is taken. In this case, the Secretarial action to delay the effective date of the VMS requirement was an "action" taken under Amendment 18A. Because this action was published in the Federal Register on December 6, 2006, and the GFA filed its complaint on December 15, 2006, we conclude that the complaint was timely-filed under the limitations period of 16 U.S.C. § 1855(f). The district court thus erred in granting the Appellees' motion for summary judgment for lack of jurisdiction.

## CONCLUSION

For the forgoing reasons, we REVERSE and REMAND to the district court for proceedings consistent with this opinion.