[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16241
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2011
JOHN LEY
CLERK

Agency Nos. A088-003-991, A088-003-992

PHILOME PIERRE,
MARIE DOR CANGE PIERRE,
AGNODESKY PIERRE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 24, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Philome Pierre, a native and citizen of Haiti, petitions for review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of his claims for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, and relief under the United Nations Convention Against Torture. The IJ rejected Pierre's application for relief based on membership in a particular social group, finding that he and his family were ineligible for asylum, despite the fact that he suffered past persecution at the hands of Haiti's anti-government group, the Lavalas group. The IJ found that Pierre's purported social group, namely, employees at the U.S. Embassy in Haiti, was not a particular social group because it was not a group readily identifiable in society. The IJ also found that the persecution that Pierre suffered was a risk normally associated with his employment as a uniformed security guard at the embassy. The BIA affirmed the IJ's decision without opinion.

When the BIA affirms an immigration judge's decision without opinion, the immigration judge's decision is reviewed as the final order of the agency. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). To the extent that the IJ's decision was based on a legal determination, we conduct a *de novo* review. *Castillo-Arias*, 446 F.3d at 1195. We review factual determinations under the substantial evidence test, and will affirm the decision if it is supported by

2

reasonable, substantial, and probative evidence on the record as a whole. *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009). Under this test, we view all evidence in the light most favorable to affirming the agency's decision and will reverse the IJ's findings "only when the record compels" it. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). We "cannot find, or consider, facts not raised in the administrative forum, nor can we reweigh the evidence from scratch." *Id*. Even if the evidence could support multiple conclusions, we will affirm the agency's decision unless there is no reasonable basis for the decision. *Id*. at 1029.

The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee." 8 U.S.C. § 1158(b)(1)(A). Refugee is defined as

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of establishing asylum eligibility by proving his status as a refugee under the statute. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish asylum eligibility based on past

3

persecution, the applicant must prove that (1) he was persecuted, and (2) that the persecution was on account of a protected ground, including race, religion, nationality, political opinion, or membership in a particular social group. *Id*. To establish a nexus between the persecution and the protected ground, an alien seeking asylum must demonstrate that one of the statutorily enumerated grounds "was . . . at least *one central reason*" for his persecution. *See* INA § 208(b)(1)(B)(i); 8 U.S.C. § 1158(b)(1)(B)(i).

The BIA has defined persecution on account of membership in a particular social group as "persecution that is directed toward an individual who is a member of a group of persons all of whom share a common, immutable characteristic." *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). The immutable characteristic must be "one that members of the group either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Id*.

**(a)** **Whether we should continue to apply the BIA's social visibility criterion to determine whether a particular social group has been established**

On review, Pierre argues that the BIA's social visibility criterion requirements are arbitrary, inconsistent, and contrary to the law, and accordingly

requests that we overturn precedent upholding the BIA's definitions of a particular social group.

Congress did not expressly define what constitutes a "particular social group," pursuant to 8 U.S.C. § 1231(b)(3)(A), INA § 241(b)(3)(A). Following *Acosta*, the BIA further defined its requirements for a particular social group, holding that "membership in a purported social group requires that the group have particular and well-defined boundaries, and that it possess a recognized level of social visibility." *Matter of S-E-G-*, 24 I. & N. 579, 582 (BIA 2008). The particularity requirement is defined as "whether the proposed group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Id*. at 584. The social visibility requirement asks whether the shared characteristic of the group is generally recognized by others in the community and whether the members of the group are perceived as such by society. *Id*. at 586.

In *Castillo-Arias*, we affirmed the BIA's definitions and requirements for establishing a particular social group. 446 F.3d at 1196-97. A panel of this Court held that the BIA's definition "strikes an acceptable balance between (1) rendering 'particular social group' a catch-all for all groups who might claim persecution, which would render the other four [statutorily enumerated] categories meaningless,

and (2) rendering 'particular social group' a nullity by making its requirements too stringent or too specific." *Id*. at 1197.

In this Circuit, a panel is bound by prior panel decisions. *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*). We must follow prior panel decisions until such time as they are overruled by either this Court sitting *en banc* or the United States Supreme Court. *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

Here, because *Castillo-Arias* has not been overruled by this Court sitting *en banc* or by the Supreme Court, we are bound to apply this precedent. *See Cargill*, 120 F.3d at 1386. We must accordingly continue to apply the BIA's definition of a particular social group and reject Pierre's argument that the social visibility criterion should not be considered in this appeal. *See Hansen*, 262 F.3d at 1248-50.

**(b)** **Whether Pierre met the BIA's requirements for social visibility by establishing that he was one of a group of uniformed watchmen at the U.S. Embassy in Haiti**

Pierre argues that he was socially visible because he wore a uniform while performing his duties as a watchman at the United States Embassy in Haiti, and that he qualifies as a member of a particular social group under the *Acosta* formulation because of his immutable characteristic as a past uniformed employee at the embassy.

6

Based on the BIA's particularity and social visibility criterion for establishing a particular social group, in some circumstances, a group of uniformed security guards working at an embassy could qualify as a particular social group. *See S-E-G-*, 24 I. & N. at 582, 586. Here, however, the fact that Pierre was a uniformed security guard does not, without more evidence, establish that the group he was a member of would be generally recognized and perceived as a group in their community. *See id*. Because Pierre failed to present evidence or testimony establishing that his alleged group was socially visible, the agency's finding that Pierre was not entitled to asylum relief as a member of a particular social group was supported by substantial evidence in the record, and accordingly, we affirm.[1] *See Adefemi*, 386 F.3d at 1027; *Al Najjar*, 257 F.3d at 1284.

**AFFIRMED.**[2]

---

[1] Because we find that Pierre failed to meet his burden of establishing that he was persecuted based on membership in a particular social group, we need not address the issue of whether the district court erred in finding that his persecution based on membership in a particular social group was a risk normally associated with his employment.

[2] Pierre's request for oral argument is denied.