**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0924n.06

**Nos. 12-2441, 12-2443**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **FILED** |
| | ) | Oct 29, 2013 |
| **Plaintiff-Appellee,** | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| **v.** | ) | |
| | ) | **ON APPEAL FROM THE** |
| **JOHN CLEMENS MARCINKEWCIZ, II** | ) | **UNITED STATES DISTRICT** |
| **SHELLEY RENEE WALDRON,** | ) | **COURT FOR THE WESTERN** |
| | ) | **DISTRICT OF MICHIGAN** |
| **Defendants-Appellants.** | ) | |

_____/

BEFORE:     MERRITT and CLAY, Circuit Judges; and STAFFORD, District Judge.[*]

**STAFFORD, District Judge.**

John Marcinkewciz and Shelley Waldron challenge their federal convictions for manufacturing 100 or more marijuana plants.  They contend that their convictions are invalid based on (1) the Michigan Medical Marihuana Act ("MMMA"), Mich. Comp. Laws §§ 333.26421–.26430;  and (2) the "practitioner exception" to the federal prohibition against the manufacture of marijuana, 21 U.S.C. §§ 802(15), 841(a).  They also contend that Congress lacks the authority to prohibit MMMA-compliant cultivation of medical marijuana for intrastate purposes.  We **AFFIRM**.

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

# I.  BACKGROUND

By indictment, Marcinkewciz and Waldron (collectively, "Defendants") were charged with (1) conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. § 846 ("Count One"); and (2) the manufacture of 100 or more marijuana plants in violation of § 841(a)(1) ("Count Two").   Prior to trial, Marcinkewciz moved to dismiss the indictment on the basis of the MMMA.  Marcinkewciz alternatively moved for leave to assert the MMMA as an affirmative defense at trial.  The district court denied Marcinkewciz's motions and, at the same time, granted the government's motion in limine, precluding Defendants from offering any evidence or argument at trial regarding their good faith belief in the legality of their conduct under the MMMA.

After Marcinkewciz's motions were denied, Defendants entered unconditional guilty pleas pursuant to written plea agreements.  Waldron pleaded guilty to Count Two of the indictment, and Marcinkewciz pleaded guilty to Counts One and Two of the indictment.  Following sentencing, Defendants filed timely notices of appeal.

# II.  ANALYSIS

## A.

Defendants first contend that the indictment was defective because their conduct purportedly fell within the "practitioner exception" to the federal offense of manufacturing marijuana.  According to Defendants, the indictment failed to allege a federal crime.  The government maintains that Defendants waived the defective-indictment issue—an issue raised for the first time on appeal—by their unconditional guilty pleas.

It is well-established that a voluntary and unconditional guilty plea waives "any subsequent challenge to the prosecution that does not pertain to the fundamental question of the court's jurisdiction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012). To overcome the bar against non-jurisdictional attacks, a defendant who enters an unconditional guilty plea "must establish that the face of the indictment failed to charge the elements of a federal offense." *Id.* (quoting *United States v. Martin*, 26 F.3d 926, 934 (6th Cir. 2008). We review de novo whether a defendant has waived his right to appeal. *Id.* Although Defendants contend that they have raised a jurisdictional issue sufficient to avoid waiver, we disagree.

Under federal law, "except as authorized by [Subchapter I of the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801–904]," it is unlawful "for any person knowingly or intentionally . . . to manufacture [or conspire to manufacture] . . . a controlled substance." 21 U.S.C. §§ 841(a)(1), 846. The term "controlled substance" is defined to mean "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." *Id.* § 802(6). Schedule I drugs are those found by Congress to have a high potential for abuse, no accepted medical use in treatment, and no accepted safety for use under medical supervision. *Id.* § 812(b)(1). Marijuana has been and still is classified as a Schedule I drug.

The "practitioner exception" upon which Defendants rely is found in the "Definitions" section of the CSA. *Id.* § 802. There, the term "manufacture" is defined to mean "the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly . . . ; *except* that such term does not include the preparation, compounding, packaging, or labeling of a drug or other substance in conformity with applicable State or local law by a *practitioner* as an incident to his administration or dispensing of such

drug or substance in the course of his professional practice." *Id.* § 802(15) (emphasis added).

The term "production" is, in turn, defined to include "the manufacture, planting, cultivation,

growing, or harvesting of a controlled substance." *Id.* § 802(22). As described in their

presentence reports, Defendants were engaged in a large-scale marijuana-*growing* operation.

The indictment in this case charged that Defendants (1) "did knowingly and intentionally

manufacture 100 or more marijuana plants, a Schedule I controlled substance," and (2) "did

knowingly and intentionally . . . conspire . . . to manufacture 100 or more marijuana plants, a

Schedule I controlled substance." The indictment thus properly charged the elements of the

relevant offenses, and the district court properly asserted jurisdiction over the case pursuant to 18

U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all

offenses against the laws of the United States.").

That the indictment failed to negate a possible exclusion from criminal liability—i.e., the

"practitioner exception" to the definition of "manufacture"—does not render the indictment

jurisdictionally defective. Congress itself specifically provided that "[i]t shall not be necessary

for the United States to negative any exemption or exception set forth in [21 U.S.C. §§ 801–904]

in any compliant, information, indictment, or other pleading . . . and the burden of going forward

with the evidence with respect to any such exemption or exception shall be upon the person

claiming its benefit." 21 U.S.C. § 885(a)(1); *see also United States v. Steele*, 147 F.3d 1316,

1320 (11th Cir. 1998) (en banc) (noting that, through § 885(a)(1), Congress clearly and

definitively "exercised its right to say . . . [that] all exceptions to the prohibition against

manufacturing . . . controlled substances, are defenses not elements, and that their inapplicability

need not be alleged in the indictment"). Courts, moreover, have long recognized that an

-4-

indictment is not required to include facts negating exclusionary conditions or affirmative defenses.  *See McKelvey v. United States*, 260 U.S. 353, 357 (1922) (noting that "an indictment or other pleading founded on a general provision defining the elements of an offense . . . need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it"); *United States v. Santos-Riviera*, 183 F.3d 367, 370-71 (5th Cir. 1999) (recognizing "the well-established rule of criminal statutory construction that an exception set forth in a distinct clause or provision should be construed as an affirmative defense and not as an essential element of the crime").

We conclude that the "practitioner exception" to liability for the manufacture of marijuana constitutes an affirmative defense that must be raised—and may be waived—by a defendant.  Here, Defendants waived their right to appellate review of the "practitioner exception" issue when they entered their unconditional guilty pleas.

**B.**

Defendants next contend that the CSA, specifically § 841(a)(1), is "unconstitutional as applied to caregivers operating in compliance with the MMMA."  This court reviews de novo a challenge to the constitutionality of a federal statute.  *United States v. Slone*, 411 F.3d 643, 646 (6th Cir. 2005).

In *Gonzales v. Raich*, 545 U.S. 1 (2005), individuals whose cultivation and use of marijuana was lawful under California law sought a declaration that the CSA was unconstitutional as applied to their intrastate activities.  The Supreme Court held that the CSA's prohibition of marijuana cultivation  was a valid exercise of Congress's commerce power, a

power "superior to that of the States to provide for the welfare or necessities of their inhabitants, however legitimate or dire those necessities may be." *Id.* at 29 (internal quotation marks omitted). Defendants here have offered no principled way to distinguish *Raich*. Indeed, we find that their constitutional claim is foreclosed by *Raich*.

### III. CONCLUSION

For the reasons stated above, the judgments of the district court are **AFFIRMED**.