[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-13788
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-22608-JIC,
1:03-cr-20226-JIC-8

COREY KIRKPATRICK STERLING,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(October 18, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Corey Sterling appeals from the district court's order denying his 28 U.S.C.

§2255 motion to vacate.  This Court granted Sterling a certificate of appealability

on two issues: (1) whether the district court erred in denying Sterling's claim that he was unconstitutionally sentenced under the then-mandatory sentencing guidelines in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015); and (2) whether *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016), which denied an application for a second or successive motion under § 2255, is binding precedent on the merits of Sterling's § 2255 motion. Because *Griffin* answers the first question in the negative, and because *Griffin* is binding precedent in this collateral proceeding based on our recent decision in *United States v. St. Hubert*, 883 F.3d 1319 (11th Cir. 2018), we affirm the denial of Sterling's § 2255 motion.[1]

To briefly recap the legal background, the Armed Career Criminal Act ("ACCA") requires a prison sentence of at least fifteen years for a defendant who is convicted of unlawfully possessing a firearm and who has at least three prior convictions for either violent felonies or serious drug offenses. In *Johnson*, the Supreme Court held that a portion of the ACCA's definition of "violent felony"—commonly called the residual clause—was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557–58, 2563. The Court then made that new rule retroactive, making clear that it applies to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

---

[1] When reviewing the district court's denial of a § 2255 motion, we review questions of law *do novo* and findings of fact for clear error. *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (*en banc*).

2

Like the ACCA, the Sentencing Guidelines also provide enhanced penalties for recidivist offenders. Specifically, the "career offender" guideline substantially increases the guideline range of a defendant who, among other requirements, has at least two prior convictions for crimes of violence or controlled-substance offenses. U.S.S.G. § 4B1.1(a). At the time of Sterling's sentencing, and until quite recently, the guidelines defined the term "crime of violence" in materially similar terms as the term "violent felony" in the ACCA, including the residual-clause language that *Johnson* invalidated in the ACCA. *See* U.S.S.G. § 4B1.2(a) (2002).

Following *Johnson*, this Court held in *United States v. Matchett* that *Johnson* did not render the residual clause of the career-offender guideline unconstitutional because the vagueness doctrine does not apply to advisory guidelines. 802 F.3d 1185, 1194–96 (11th Cir. 2015). The Supreme Court subsequently adopted that same view in *Beckles v. United States*, holding that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 895 (2017).

Neither *Matchett* nor *Beckles* addressed whether the vagueness doctrine applies to mandatory guidelines. *See id.* at 903 n.4 (Sotomayor, J., concurring) (noting that the Court's adherence to the distinction between mandatory and advisory rules leaves open the question whether defendants sentenced under the

3

mandatory guidelines may mount vagueness attacks on their sentences).  Because Sterling was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), when the guidelines were still mandatory, *Matchett* and *Beckles* left open the possibility that Sterling could challenge the residual clause of the mandatory guidelines on vagueness grounds.

That brings us to *Griffin*.  In *Griffin*, which denied an application for a second or successive motion under § 2255, we extended the holding of *Matchett* to the mandatory guidelines.  823 F.3d at 1354 ("[T]he logic and principles established in *Matchett* also govern our panel as to Griffin's guidelines sentence when the Guidelines were mandatory.").  We held that "[t]he Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." *Id.*

Sterling concedes that *Griffin*, if binding, forecloses his *Johnson*-based vagueness challenge to the mandatory guidelines.  To avoid that outcome, he argues that *Griffin* is not binding for two reasons:  (1) it was decided in the context of an application to file a second or successive § 2255 motion, so it's not binding precedent outside of that context; and (2) *Beckles*, which was decided after *Griffin*, undermines *Griffin* to the point of abrogation.  Both arguments are unavailing.

4

First, we recently held in *St. Hubert* that "law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions are binding precedent on all subsequent panels of this Court, including those reviewing direct appeals and collateral attacks." 883 F.3d at 1329. Under *St. Hubert*, which was decided on direct appeal, we are bound by *Griffin*'s holding that *Johnson* does not apply to the residual clause of the mandatory career-offender guideline, even if we may believe that *Griffin* was wrongly decided. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (*en banc*) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").

Second, the Supreme Court's decision in *Beckles* does not abrogate *Griffin* because *Beckles* did not decide or address whether the vagueness doctrine applies to the mandatory guidelines. For a Supreme Court decision to overcome the prior-precedent rule, it must be "squarely on point" and "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). Because *Beckles* is not "squarely on point" and does not directly conflict with *Griffin*, we remain bound by *Griffin*.

In sum, we affirm the district court's denial of Sterling's § 2255 motion.

**AFFIRMED.**

5