BIRCH, Circuit Judge:
This case presents an issue of first impression in our circuit regarding whether a disparate impact theory of liability is available to plaintiffs suing for age discrimination under the Age Discrimination in Employment Act of 1967 (“ADEA”), 29 U.S.C. § 621 et seq. The district court ruled as a matter of law that disparate impact claims cannot be brought under the ADEA. Because the question presents a controlling issue of law in the case, and the judge opined that there were substantial grounds for disagreement over his decision, he certified the question to us pursuant to 28 U.S.C. § 1292(b).[1] We exercise our discretion to take the case and AFFIRM.
I. BACKGROUND
Florida Power Corporation (“FPC”) operated as a publicly-regulated electric utility monopoly until 1992, when Congress opened the industry to competition through the Energy Policy Act of 1992, 106 Stat. 2776 (1992). Florida Progress Corporation is its parent corporation. Wanda Adams and several other plaintiffs (the “Adams class”) were terminated by FPC between 1992 and 1996, during a series of reorganizations the company states were necessary to maintain its competitiveness in the newly deregulated market. Members of the Adams class sued FPC and its parent corporation claiming, inter alia, that FPC discriminated against them because of their age, in violation of the ADEA.
In 1996, the district court conditionally certified a class of former FPC employees claiming age discrimination. In August 1999, the district court decertified the class and ruled as a matter of law that a disparate impact theory of liability is not available to plaintiffs bringing suit under the ADEA.[2] Because there is some conflict among the circuits and we had not yet ruled on the availability of disparate impact claims under the ADEA, the district court certified the question to us pursuant to 28 U.S.C. § 1292(b).[3] The court was careful to note that he made no findings of *1324 fact or assessment of whether the Adams class could produce evidence sufficient to state a claim for disparate impact. Accordingly, the sole question before us is whether, as a matter of law, disparate impact claims may be brought under the ADEA.
II. DISCUSSION
We review the district court’s interpretation of a statute de novo. United States v. Prosperi, 201 F.3d 1335, 1342 (11th Cir.2000). As with any question of statutory interpretation, we begin by examining the text to determine whether its meaning is clear. “In construing a statute we must begin, and often should end as well, with the language of the statute itself.” Merritt v. Dillard Paper Co., 120 F.3d 1181, 1185 (11th Cir.1997). “Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.” United States v. Steele, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc), cert. denied, 528 U.S. 933, 120 S.Ct. 335, 145 L.Ed.2d 261 (1999).
The language of the ADEA closely parallels that of Title VII. See Lorillard v. Pons, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978) (noting that “the prohibitions of the ADEA were derived in haec verba from Title VII.”) In fact, the sections forbidding discrimination are almost identical. Compare 29 U.S.C. § 623(a)(1) (ADEA) with 42 U.S.C. § 2000e-2(a)(l) (Title VII). The Supreme Court has held that Title VII supports a cause of action for employment discrimination based on a disparate impact theory.[4] See Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971).
Several circuits have relied on the holding in Griggs to find that, because the language of the ADEA parallels Title VII, disparate impact claims also should be allowed under the ADEA. See Geller v. Markham, 635 F.2d 1027, 1032 (2d Cir. 1980); Smith v. City of Des Moines, 99 F.3d 1466, 1469-70 (8th Cir.1996); E.E.O.C. v. Borden’s, Inc., 724 F.2d 1390, 1394-95 (9th Cir.1984). In a case involving liquidated damages under the ADEA, the Supreme Court explicitly left open the question of “whether a disparate impact theory of liability is available under the ADEA.” Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993). The Second, Eighth, and Ninth Circuits have read Hazen literally and continue to allow disparate impact claims. See Criley v. Delta Air Lines, Inc., 119 F.3d 102, 105 (2d Cir.1997) (per curiam); Lewis v. Aerospace Cmty. Credit Union, 114 F.3d 745, 750 (8th Cir.1997); Frank v. United Airlines, Inc., 216 F.3d 845, 856 (9th Cir.2000); E.E.O.C. v. Local 350, 998 F.2d 641, 648 n. 2 (9th Cir.1993).
In contrast, the First, Third, Sixth, Seventh, and Tenth Circuits have questioned the viability of disparate impact claims un *1325 der the ADEA post-Hazen.[5] See Mullin v. Raytheon Co., 164 F.3d 696, 700-01 (1st Cir.), cert, denied, 528 U.S. 811, 120 S.Ct. 44, 145 L.Ed.2d 40 (1999); E.E.O.C. v. Francis W. Parker School, 41 F.3d 1073, 1076-77 (7th Cir.1994); Ellis v. United Airlines, Inc., 73 F.3d 999, 1006-07 (10th Cir.1996); DiBiase v. SmithKline Beecham Corp., 48 F.3d 719, 732 (3d Cir.1995); Lyon v. Ohio Educ. Ass’n and Prof'l Staff Union, 53 F.3d 135,139 n. 5 (6th Cir.1995). These cases rely on language in Hazen and other factors that suggest that disparate impact claims are not viable under the ADEA.
First, courts that question the viability of a disparate impact claim under the ADEA note that the text of the ADEA differs from Title YII in an important respect. Section 623(f)(1) of the ADEA explicitly provides that an employer may “take any action otherwise prohibited ... where the differentiation is based on reasonable factors other than age.” 29 U.S.C. § 623(f)(1). The First Circuit has reasoned that
if the exception contained in section 623(f)(1) is not understood to preclude disparate impact liability, it becomes nothing more than a bromide to the effect that “only age discrimination is age discrimination.” Such a circular construction would fly in the teeth of the well-settled canon [of statutory construction].
Mullin, 164 F.3d at 702.
In addition, the language of § 623(f)(1) is similar to language found in the Equal Pay Act. Section 206(d)(1) of the Equal Pay Act provides that wage discrimination on the basis of gender is prohibited, unless the wage “differential [is] based on any other factor other than sex.” 29 U.S.C. § 206(d)(l)(iv). “The Supreme Court [has] interpreted section 206(d)(1) of the Equal Pay Act to preclude disparate impact claims.” Ellis, 73 F.3d at 1008 (citing County of Washington, Ore. v. Gunther, 452 U.S. 161, 170-71, 101 S.Ct. 2242, 2248-49, 68 L.Ed.2d 751 (1981)); Mullin, 164 F.3d at 702 (drawing same comparison).[6] The text of the ADEA is sufficiently distinguishable from Title VII as to raise doubts about extending the disparate impact theory of liability to ADEA cases.
Turning to the legislative history, the Mullin and Ellis courts note that the ADEA was enacted after the Secretary of Labor issued a report on age discrimination. Mullin, 164 F.3d at 702-03; Ellis, 73 F.3d at 1008. The report, entitled The Older American Worker: Age Discrimination in Employment (1965), recommended that Congress ban arbitrary discrimination, such as disparate treatment based on stereotypical perceptions of the elderly, but that factors affecting older workers, such as policies with disparate impact, be addressed in alternative ways. Ellis, 73 F.3d at 1008. Thus, the history of the ADEA differs from the legislative history of Title VII, which the Supreme Court in Griggs relied on to find a cause of action for disparate impact. See Griggs, 401 U.S. *1326 at 432, 91 S.Ct. at 854 (discussing the history of amendments to the bill and noting that for Title VII, Congress specifically “placed on the employer the burden of showing that any given requirement must have a manifest relationship to the employment in question.”).
Finally, while the Hazen Court left open the question of whether a disparate impact claim can be brought under the ADEA, language in the opinion suggests that it cannot. First, the Court noted that “[disparate treatment ... captures the essence of what Congress sought to prohibit in the ADEA.” Hazen, 507 U.S. at 610, 113 S.Ct. at 1706. In addition, the Court reiterated that, in making employment decisions, the use of factors correlated with age, such as pension status, did not rely on “inaccurate and stigmatizing stereotypes” and was acceptable. Id. at 611, 113 S.Ct. at 1706-07. That position is inconsistent with the viability of a disparate impact theory of liability, which requires no demonstration of intent, but relies instead on the very correlation between the factor used and the age of those employees harmed by the employment decision to prove liability.
III. CONCLUSION
The Second, Eighth, and Ninth Circuits allow disparate impact claims under the ADEA. The First, Third, Sixth, Seventh, and Tenth do not. We find the reasoning of the Tenth Circuit in Ellis and the First Circuit in Mullin persuasive. Accordingly, we find that disparate impact claims may not be brought under the ADEA, and AFFIRM.

.Our sister, in her concurring opinion, concludes that we overreach by deciding the question of whether disparate impact claims are cognizable under ADEA as a matter of law. She would find that the plaintiffs failed to adequately allege a disparate impact claim. This position is inconsistent with the posture of the case. The district court expressly made no findings of fact on the sufficiency of the allegations in the plaintiffs' complaint. Indeed, because the district court certified only the question of law to us, a "pronouncement in the abstract” is required.

. The court also found that the plaintiffs’ disparate treatment claims were not sufficiently similar to support proceeding as a class. Accordingly, the court held that the Adams class members would each have to pursue their individual remedies separately.

. The district court’s Order of Certification states the following:
[W]hether I am right or wrong in ruling that the disparate impact theory of liability is unavailable to these Plaintiffs is a critical issue that ought to be resolved with finality before the Court can reasonably proceed with the management of this litigation toward trial ... The controlling question of *1324 law is whether the "disparate impact” theory or method of proving liability is applicable to claims brought under the [ADEA].
R3-312, at 2-3 (internal citations omitted).

. A disparate impact claim is one that "involve[s] employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.” Hazen Paper Co. v. Biggins, 507 U.S. 604, 609, 113 S.Ct. 1701, 1705, 123 L.Ed.2d 338 (1993) (quoting Teamsters v. United States, 431 U.S. 324, 335-36 n. 15, 97 S.Ct. 1843, 1855 n. 15, 52 L.Ed.2d 396 (1977)).

. The Fourth, Fifth, and D.C. Circuits have not addressed this issue.

. We note that the ADEA requires that the "other factor” be a reasonable one, while the Equal Pay Act finds "any other factor” acceptable. Compare 29 U.S.C. § 623(f)(1) with 29 U.S.C. § 206(d)(1)(iv). It could be argued that this difference distinguishes the ADEA from the Equal Pay Act, and supports the inference that the reasonableness requirement refers to the business necessity justification that, in Title VII cases, can be used to defend an employment qualification that has a disparate impact on employees in the protected class. In light of the differences between the ADEA and Title VII discussed herein, we decline to draw such an inference.