[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2003
THOMAS  K. KAHN
CLERK

_____

No. 01-10323

_____

D. C. Docket No. 00-00480-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUELINE PANSETA BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 2,1 2003)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CARNES, HILL and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

On July 31, 2002, a panel of this court rendered an opinion in the captioned case, an appeal from a conviction in a criminal case. United States v. Brown, 299 F.3d 1252 (11th Cir. 2002), pet. for cert. granted and judgment vacated, 123 S.Ct. 1928 (2003). One of the issues on appeal was from an order of the magistrate judge denying a pre-trial motion for the defendant's counsel to withdraw. A copy of this order was sent to the district court. The defendant failed to object to or appeal the magistrate judge's decision to the district court. This court held that it lacked jurisdiction to review the magistrate judge's decision, relying on a former Fifth Circuit case, United States v. Renfro, 620 F.2d 497, 500 (5th Cir. 1980) (holding that appeals from a magistrate's rulings must first be made to the district court for the appellate court to have jurisdiction).[1]

Brown petitioned the Supreme Court for a writ of certiorari. In his brief in opposition to certiorari, the Solicitor General pointed out that there is a split in the circuits as to the authority of Courts of Appeals to review a magistrate judge's ruling and argued that appellate courts should have jurisdiction to review magistrate judge's rulings after conviction. The Supreme Court granted certiorari, vacated the panel opinion, and remanded the case for reconsideration in light of

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

the Solicitor General's brief.

Upon reconsideration, the panel is of the view that under our circuit precedent we are bound by Renfro, unless and until it is overruled by this court en banc or by the Supreme Court. See, e.g., United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding . . . ."); Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision."); see also Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1210 (11th Cir. 1981) (en banc) ("The decisions of the former Fifth Circuit, adopted as precedent by the Eleventh Circuit, will, of course, be subject to the power of the Eleventh Circuit sitting en banc to overrule any such decision.").[2]

Accordingly, we reinstate our original opinion.

OPINION AND JUDGMENT REINSTATED.

---

[2] We note that the Federal Judicial Conference Advisory Committee on Criminal Rules of Procedure has proposed a rule governing appeals from orders of magistrate judges substantially in accord with our decision. Proposed Federal Rule of Criminal Procedure 59, Matters Before a Magistrate Judge, part(a) Nondispositive Matters, provides that a failure to timely object to a magistrate judge's order before the district court "waives a party's right to review." The Committee Note explains, "This waiver provision is intended to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges' decisions."

CARNES, Circuit Judge, concurring:

I join Judge Kravitch's opinion for the Court and agree with the decision to reinstate the panel opinion, which for us as a panel is a no-brainer because we are bound by the prior decision in United States v. Renfro, 620 F.2d 497 (5th Cir. 1980).[1] The Renfro decision is binding authority establishing that we cannot review the magistrate judge's denial of counsel's motion to withdraw (on the grounds that appellant wanted a new attorney), because neither appellant nor her counsel made the slightest suggestion to the district court that they were dissatisfied with the magistrate judge's ruling. They didn't even mention the matter until after appellant was convicted and they were looking about for issues to raise on appeal.

In his concurring opinion, my good friend, Judge Hill, suggests that the entire Court ought to consider in this case whether the Renfro decision should be overturned. Of course, each active judge of the Court will consider that when reading the opinions in this case. However, to the extent that Judge Hill thinks we ought to grant rehearing en banc for that purpose, I respectfully disagree. The Supreme Court's action in returning this case to us originated in a suggestion of

---

[1]Decisions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

the Solicitor General that we had erred in concluding that we lacked jurisdiction to review the order of the magistrate judge because the appellant did not raise it before the district court. The Solicitor General's position is that we can review the magistrate judge's order but only for plain error of which he says there is none. So the government's position now is that we reached exactly the right result, but for the wrong reason.

Were we not aware of the fickleness of the government's positions in criminal cases, see Hunter v. United States, 101 F.3d 1565, 1574 (11th Cir. 1996) (en banc) ("past experience has taught us that on occasion the government's position on criminal law issues is fluid"), we might be surprised. After all, it argued to us at oral argument and in a supplemental authority letter that we ought to apply Renfro and conclude that we lacked jurisdiction to review the denial of the motion to withdraw. Having convinced us to do that, the government then told the Supreme Court that we were wrong to do so. Any other litigant might be embarrassed, but in litigation the government never blushes.

In any event, the Solicitor General suggested to the Supreme Court that it might wish to remand this case to us so that we could have the benefit of the government's about-face on the matter. The Supreme Court did remand the case to us, for "further consideration in light of the position taken by the Solicitor

5

General" in his brief to that Court. The remand does not imply that our Renfro decision is wrong. See United States v. Ardley, 273 F.3d 991, 994 - 95 (11th Cir. 2001) (opinion of Carnes, J., concurring in the denial of rehearing en banc). Nor does it mean that we must grant rehearing en banc. Instead, the remand order requires only that we reconsider our decision in light of the government's new position, and we have done that. We all agree that the Renfro decision requires us as a panel to reach the same result we did before.

To the extent that the Supreme Court's remand requires that we also consider whether to grant rehearing en banc for the purpose of reconsidering the Renfro decision, I have done that, too. My conclusion is that granting rehearing en banc would not be a prudent use of this Court's scarcest resource, which is the time of its judges. Cf. United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("Given the finite resources of a court of appeals, the heavy artillery of en banc decision making should be resorted to only where smaller gauge weapons are unavailing.").

For one thing, because this particular scope of review issue seldom arises, any change in the law governing it would affect very few cases. For another thing, even if we went en banc and overruled the Renfro decision's holding that the bar on review was jurisdictional, that would not affect the result in this case. There is

6

no way that the magistrate judge's denial of the motion to withdraw is error plain on the face of this record, especially given the deferential abuse of discretion standard that governs whether error was committed at all. Finally, this very matter is on the way to resolution in the Rules Enabling Act process. See the Court's opinion at 3 n. 2. For all of these reasons, we should not expend any of our scarce en banc resources on reconsidering the Renfro rule, at least not in this case.

HILL, Circuit Judge, specially concurring:

I concur in this exercise of futility with the following remarks.

The Solicitor General of the United States did not counsel the Supreme Court that certiorari be granted and that the conviction and sentence be affirmed. Nor did the Solicitor General counsel reversal.

The Solicitor General took a third approach.

Something may be wrong with the proceeding. Perhaps the Court will instruct this court to reconsider its long-standing rule, binding on this panel, that failure to object in the district court to a ruling made by a magistrate judge deprives the appellate court of jurisdiction to review that ruling.

The Supreme Court has done so. It has granted certiorari, vacated our judgment, and remanded the case for *this court* to reconsider the rule that an objection to the ruling of the magistrate judge must be made in the district court in order for appellate jurisdiction to obtain.

The remand is to this court, not one of its panels. I take it that the Solicitor General and the Supreme Court acknowledge that one of our court's panels cannot overturn a prior panel's holding. Neither can it overturn a holding of a panel of the former Fifth Circuit Court of Appeals before its division and the creation of

8

the Eleventh Circuit.[1]

I trust that the full court will give the issue the reconsideration which the Supreme Court is entitled to expect of us. But, in senior status, I cannot move that it be done. Perhaps one of the parties or an active judge will make that motion.

---

[1] The first case decided by this court so held. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir. 1981)(en banc). That case has received wide circulation; our rule of *stare decisis* is not concealed.