[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---------------------------------------

No. 05-17076
Non-Argument Calendar

---------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No.  05-00128-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEISSER VIVAS-QUINONES,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(September 18, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Neisser Vivas-Quinones appeals his 135-month

sentence imposed after he pled guilty to (1) possession with intent to distribute

five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Vivas-Quinones argues that the district court erred in denying him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). He asserts that he was less culpable than the other persons found on the drug smuggling boat (which was carrying 4,000 kilograms of cocaine) because he did not have an ownership interest in the smuggled drugs or plan the smuggling operation. Vivas-Quinones also contends that the small compensation he received for his participation in the operation indicates that he played a minor role.

We review for clear error the district court's determinations about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). "The defendant has the burden of establishing his role by a preponderance of evidence." Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less

2

culpable than most other participants, although his role could not be described as minimal." Id.

In United States v. De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc), we set out two elements that inform the sentencing court's determination about a defendant's role in an offense: (1) the defendant's role in the relevant conduct for which he has been held accountable; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first element is the more important and, in many cases, may end the inquiry.[1] See id. at 945.

_____

[1]Vivas-Quinones asserts that our decision in De Varon leads to unjust results because De Varon fails to consider the underlying acts leading to a drug courier's role in the offense or to measure properly the role of a crew member in relation to other participants in the conspiracy. But De Varon, an en banc decision, remains the guiding law in this Circuit; and we repeatedly have upheld it. See, e.g., United States v. Alvarez-Coria, 447 F.3d 1340, 1343-44 (11th Cir. 2006). Because we are bound by our decision in De Varon, we do not reach Vivas-Quinones's arguments about its

The district court committed no clear error in determining that Vivas-Quinones's role in the offense was more than minor. About the first element, Vivas-Quinones's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 4,000 kilograms of cocaine seized from the boat on which he was found. And in the drug courier context, a large amount of drugs is an important factor in determining the availability of a minor role adjustment. Id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct. . . . [W]e do not foreclose the possibility that amount of drugs may be dispositive . . . . "). About the second element, Vivas-Quinones was one of only six crew members on the drug smuggling boat, which was carrying over four tons of cocaine. Vivas-Quinones has failed to show that he was "less culpable than most other participants in [his] relevant conduct." Id. at 944. We see no clear error in the district court's refusal to apply a minor role reduction in this case.

**AFFIRMED.**

deficiencies. See United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong."); Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").