UNITED STATES of America,
Plaintiff,

v.

Holger–Helmut BRUMMER,
Defendant.

Case No. 09–20411–CR.

United States District Court,
S.D. Florida,
Miami Division.

July 7, 2009.

William D. A. Zerhouni, United States Attorney's Office, Miami, FL, for Plaintiff.

Stewart Glenn Abrams, Federal Public Defender's Office, Miami, FL, for Defendant.

## ORDER

CECILIA M. ALTONAGA, District Judge.

THIS CAUSE is before the Court on the United States' Motion for a Preliminary Order of Forfeiture [D.E. 26], filed June 16, 2009. The Court has carefully considered the parties' written submissions and oral arguments presented on May 22 and June 10, 2009.

The United States seeks a preliminary order of forfeiture of Defendant's firearms and ammunition as a result of Defendant's knowing and willful failure to declare firearms to a common carrier in violation of 18 U.S.C. § 922(e), a crime Defendant pleaded guilty to and was sentenced for on May 22, 2009. The Indictment, which charged the Defendant with a knowing and willful violation of section 922(e), sought the forfeiture of two firearms and ammunition pursuant to 18 U.S.C. § 924(d)(1), property Defendant admitted was involved in the offense and was found in his luggage. But Defendant challenges that his weapons are

subject to forfeiture, asserting section 924(d)(1) does not provide for forfeiture of firearms for a violation of section 922(e). The issue presented, in short, is one of statutory construction.

" '[T]he starting point for interpreting a statute is the language of the statute itself.' " *Horton Homes, Inc. v. United States,* 357 F.3d 1209, 1211 (11th Cir.2004) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) (alteration in original)). Furthermore, the Eleventh Circuit has stated, "[a]s a basic rule of statutory interpretation, we read the statute using the normal meanings of its words.... '[A]bsent a clearly expressed legislative intent to the contrary, that language is generally dispositive.' " *Id.* at 1211 (quoting *Consol. Bank, N.A. v. United States Dep't of Treasury,* 118 F.3d 1461, 1463 (11th Cir.1997) (alterations in original)).

The Eleventh Circuit has "frequently" said " '[w]hen the import of words Congress has used is clear ... we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.' " *CBS Inc. v. PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1222 (11th Cir.2001) (quoting *Harris v. Garner,* 216 F.3d 970, 976 (11th Cir.2000) (alterations in original)). "When the words of a statute are unambiguous, then, this first canon of statutory construction is also the last: judicial inquiry is complete." *Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1186 (11th Cir.1997) (alteration and internal quotation marks omitted). The court "must presume that Congress said what it meant and meant what it said." *United States v. Steele,* 147 F.3d 1316, 1318 (11th Cir.1998) (en banc) (citing *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)).

■ Returning then to the statutes at issue, section 922(e) makes it "unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers ... any package or other container in which there is any firearm or ammunition without written notice...." The penalty provision for section 922(e) is found in section 924(a)(1)(D), which states "whoever—... (D) willfully violates any other provision of this chapter, shall be fined under this title, imprisoned not more than five years, or both." *See also United States v. Otiaba,* 862 F.Supp. 251, 252 (D.N.D.1994) ("Section 924(a)(1)(D) is the only statutory authority for imposing a penalty for a violation of section 922(e)...."). The forfeiture statute, section 924(d)(1), is a civil forfeiture statute and is made applicable to a criminal case by 28 U.S.C. § 2461(c). Section 924(d)(1) provides that "[a]ny firearm ... involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922 ... or willful violation of any other provision of this chapter [Chapter 44 of Title 18], ... shall be subject to seizure and forfeiture...."

Defendant concedes the United States' argument that to expose a defendant to the criminal sanctions for a violation of section 922(e), found in section 924(a)(1)(D), the Government must prove the Defendant acted knowingly *and* willfully, despite the absence of the word "willfully" from the text of section 922(e). Defendant insists, however, that the forfeiture provision of section 924(d)(1) does not apply to his offense of conviction (section 922(e)), because section 924(d)(1) lists ten specific offenses as offenses which subject guns to seizure and forfeiture, and omits inclusion of subsection (e). And according

to the Defendant, the later reference to willful violations of any other provision of Chapter 44 cannot mean to include section 922(e), as section 922(e) uses the term knowingly rather than willfully to describe the necessary mens rea. Defendant maintains his was one of the "knowing" offenses to which section 924(d)(1) was not designed to apply by its very omission from the list of knowing offenses listed.

After a careful review of the pertinent statutory text, the undersigned remains unpersuaded by Defendant's creative argument. While section 922(e) certainly only reflects the commission of a knowing offense, the penalty provision, section 922(a)(1)(D), requires that the defendant have acted "willfully." *See United States v. Ali,* 68 F.3d 1468, 1473 (2d Cir.1995) ("Willfulness is an element of this crime [section 922(e) ]."); *Otiaba,* 862 F.Supp. at 252 ("[T]he prosecution will therefore have to satisfy section 924(a)(1)(D)'s 'willful violation' element before criminal sanctions can be imposed on a defendant accused of violating section 922(e)."). Defendant admitted in his plea colloquy to a *knowing and willful* violation of section 922(e). He consequently admitted to a "willful violation of any other provision of this chapter," 18 U.S.C. § 924(d)(1), and his firearms are subject to seizure and forfeiture.

Defendant also argues that even if section 924(d)(1) applies to a violation of section 922(e), the Court retains the discretion not to order forfeiture. For example, there are several statutes in which Congress has used words which signal the absence of discretion by the sentencing court. *E.g.,* 21 U.S.C. § 853(a) ("shall forfeit to the United States"); 18 U.S.C. § 1963(a) (same); 21 U.S.C. § 848(a) ("shall be sentenced to a term of imprisonment ... and to the forfeiture prescribed in section 853"). In contrast, asserts the Defendant, section 924(d)(1) uses the phrase, "shall be subject to seizure and forfeiture," signaling that Congress did not intend forfeiture to be mandatory.

The relief requested by the United States in its Motion, however, is a preliminary order of forfeiture pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and Federal Rule of Criminal Procedure 32.2. Rule 32.2(b)(2) provides for the entry of a preliminary order of forfeiture as follows:

> If the court finds that property is *subject to forfeiture,* it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it.

(emphasis added). Furthermore, under Federal Rule of Criminal Procedure 32.2(b)(3), "[a]t sentencing ... the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." Regardless of the varying choices of words used in the several statutes presented by the Defendant to illustrate different meanings, the undersigned lacks the discretion to refuse to order the property in question forfeited to the United States under a preliminary order of forfeiture, subject, of course, to any ancillary proceedings following a third party petition asserting an interest in the property pursuant to Federal Rule of Criminal Procedure 32.2(c).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the United States' Motion for a Preliminary Order of Forfeiture [D.E. 26] is **GRANTED.** By separate order the undersigned will provide for the forfeiture of Defendant's right, title, and interest to the property listed in the Indictment.