[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15792
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00198-RBD-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

FELIX WARREN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 9, 2015)

Before ED CARNES, Chief Judge, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

The issue in this case is whether convictions under Fla. Stat. § 893.13(1) for

delivering cocaine and for possessing cocaine with intent to deliver it are "serious

drug offenses" for purposes of the federal Armed Career Criminal Act (ACCA). They are. That much is clear from the ACCA's definition of "serious drug offense," which expressly covers state-law offenses that involve "distributing controlled substances"—like cocaine—or possessing controlled substances with intent to distribute them. 18 U.S.C. § 924(e)(2)(A). It follows that the district court did not err in concluding that Felix Warren's prior convictions under Fla. Stat. § 893.13(1) for delivering cocaine and for possessing cocaine with intent to sell or deliver it qualify as serious drug offenses under the ACCA.

In 2014 a federal grand jury indicted Warren on two counts of possessing a gun as a convicted felon and one count of possessing cocaine with intent to distribute it. He pleaded guilty to all three counts. The presentence investigation report (PSR) recommended sentencing Warren as an armed career criminal. Under the ACCA, a felon convicted of possessing a gun is an armed career criminal if he has previously been convicted of at least three predicate offenses. Id. § 924(e)(1). There are two types of ACCA predicate offense: "violent felon[ies]" and "serious drug offense[s]." Id. The PSR identified three such offenses in Warren's criminal record: a 1991 conviction for aggravated assault, a 1996 conviction for violating Fla. Stat. § 893.13(1) by possessing cocaine with intent to sell or deliver it, and a 2007 conviction for violating § 893.13(1) by delivering cocaine. Finding that

2

Warren's three predicate offenses qualified him as an armed career criminal, the PSR calculated his guidelines sentence to be 188–235 months in prison, a longer sentence than the guidelines would prescribe for someone in Warren's shoes who was not an armed career criminal.

At sentencing, Warren asked for a continuance so he could brief an argument that a crime could not be a "serious drug offense" under the ACCA unless remuneration was an element of the crime.[1]  Warren asserted that, because Fla. Stat. § 893.13(1) does not make remuneration an element of the crimes of delivering cocaine or possessing cocaine with intent to deliver it, his convictions under § 893.13(1) did not involve "serious drug offenses," with the result that he had not been convicted of three ACCA predicate offenses.  The district court denied Warren's request for a continuance, but stated:

---

[1] Warren also sought briefing so he could argue that, because his convictions under Fla. Stat. § 893.13(1) did not include an element of remuneration, they should not qualify as "controlled substance offense[s]" under the guidelines' career offender enhancement, U.S.S.G. § 4B1.1(b).  The district court rejected that argument and Warren appeals that determination, as well.  Warren lacks standing to challenge the district court's interpretation of the career offender enhancement because the district court never applied the § 4B1.1(b) enhancement in calculating Warren's guidelines range.  Standing requires an actual or imminent injury.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992).  A defendant is not injured by a district court's interpretation of a guidelines provision that was not actually applied in calculating the defendant's guidelines range.  The PSR in this case, which the district court adopted, calculated Warren's guidelines range by applying the ACCA enhancement in lieu of the guidelines career offender enhancement.  The court's construction of the career offender enhancement thus did not affect Warren's guidelines range.  Accordingly, we dismiss the part of Warren's appeal challenging the district court's interpretation of the guidelines' career offender enhancement.

> Any calculations or sentence enhancements that would be predicated on prior offenses, predicate offenses, whether as a career criminal, armed career criminal, or simply an enhancement in a noncareer category, I'll note for the record that you're preserving your appellate rights with respect to those predicate offenses.

The district court then adopted the PSR's guidelines calculations, although it ultimately varied downward to a sentence of 180 months for each count of conviction, to be served concurrently. After the district court imposed the sentence, Warren objected that it was procedurally and substantively unreasonable inasmuch as the district court had not addressed his argument about the relationship between remuneration and the ACCA's definition of "serious drug offense." The district court responded that Warren's argument was foreclosed by Supreme Court and Eleventh Circuit precedent. It then entered judgment including the sentence it had imposed and Warren timely appealed that judgment.

Warren challenges, on two grounds, the district court's conclusion that he committed three ACCA predicate offenses. First, he argues that, because Fla. Stat. § 893.13(1) does not require proof of remuneration, neither of his prior convictions under that statute counts as a "serious drug offense" for purposes of the ACCA. Second, he contends that, because § 893.13(1) does not require the government to prove mens rea to obtain a conviction for delivering cocaine, his conviction for delivering cocaine in violation of § 893.13(1) does not qualify as a "serious drug offense" under the ACCA.

4

Warren's first argument—that only crimes having remuneration as an element count as "serious drug offenses"—is belied by the text of the ACCA, which provides that a "serious drug offense" is simply "an offense under State law," punishable by at least ten years in prison, that involves "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). The ACCA's definition of "serious drug offense" is clear and unambiguous and neither expresses nor implies a remuneration requirement. "Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). In defining "serious drug offense," Congress said nothing about a remuneration requirement, so we hold that Congress did not mean for such a requirement to be part of the ACCA's definition of "serious drug offense."

Warren contends that Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), requires us to read a remuneration requirement into the ACCA's definition of "serious drug offense," but it does not. Moncrieffe involved the meaning of "illicit trafficking" in the Controlled Substances Act, which is not at issue in this case. The ACCA does not use the phrase "illicit trafficking" in defining "serious drug offense," and

5

there is no obvious reason why "illicit trafficking" and "serious drug offense" should have the same elements, particularly when Congress employed the two different terms in different contexts. Moncrieffe addressed a question unrelated to the one Warren presents.

Warren's second argument—that a crime only qualifies as a "serious drug offense" under the ACCA if the statute of conviction includes a mens rea element—is foreclosed by United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014), where we held that the ACCA's definition of serious drug offense does not "require[] that a predicate state offense include[] an element of mens rea with respect to the illicit nature of the controlled substance."

We **DISMISS** Warren's appeal to the extent that it challenges the district court's interpretation of the guidelines' career offender enhancement, U.S.S.G. § 4B1.1(b). To the extent Warren's appeal otherwise challenges his sentence, the judgment of the district court is **AFFIRMED**.

6