[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12372

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE LEE WOOTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:04-cr-00006-JSM-CPT-1

_____

Before JILL PRYOR, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Eddie Wooten, a *pro se* prisoner, appeals the district court's denial of his motion for compassionate release under the First Step Act of 2018.[1]  In 2004, Wooten was convicted of, among other offenses, two counts under 18 U.S.C. § 924(c) (Counts 7 and 10), leading to "stacked" mandatory sentences for those counts totaling 30 years' imprisonment, consecutive to his other sentences.  Before the district court, he argued that that, in light of the passage of the First Step Act, his "stacked" sentences constituted an "extraordinary and compelling" reason for compassionate release.  The district court denied his motion for compassionate release based on his "stacked" sentences and also found that his medical conditions did not qualify him for compassionate release and the 18 U.S.C. § 3553(a) sentencing factors also weighed against his release.

On appeal, Wooten argues that § 403(b) of the First Step Act made the amendments to § 924(c) retroactive and thus constituted an "extraordinary and compelling" reason for his release.  He otherwise asserts that the district court did not address his motion under First Step Act § 403 and § 404 and that it did not discuss his rehabilitation efforts in its order.

---

[1] Pub. L. No. 115 391, 132 Stat. 5192 (Dec. 21, 2018) ("First Step Act").

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021). After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). An abuse of discretion occurs when a district court applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. *Id.*

Prior to the First Step Act, under 18 U.S.C. § 924(c), a first offense carried a mandatory minimum sentence of 5 years and in the case of a second or subsequent conviction under § 924(c), a defendant was to be sentenced to a term of imprisonment not less than 25 years. 18 U.S.C. § 924(c)(1)(A)(i), (C)(i). Section 403(a) of the First Step Act amended this language so that for the mandatory minimum of 25 years' imprisonment to apply to a defendant's

second § 924(c) violation, the first § 924(c) conviction had to be final. First Step Act § 403(a). The amendments applied only to defendants who had not been sentenced by the enactment date of the First Step Act, December 21, 2018. *Id.* § 403(b).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). In the context of compassionate release, the statute provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the [W]arden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—*extraordinary and compelling reasons* warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i) (emphasis added).

Section 3582(c)(1)(A) requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of "extraordinary and compelling"

reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) "other reasons." *Id.*, cmt. (n.1(A)–(D)).

In *Bryant*, we held that § 1B1.13 was applicable to all motions filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with the categories of "extraordinary and compelling reasons" contained in § 1B1.13, as set forth above. *Bryant*, 996 F.3d at 1254–62. We also held that "Application Note 1(D) [did] not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

Under our prior panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by us sitting *en banc. See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998).

Here, Wooten challenges the district court's denial of his motion for compassionate release for a nonmedical "extraordinary and compelling" reason. Nevertheless, his proffered "extraordinary and compelling" reason, not receiving a sentence reduction under First Step Act § 403 for his § 924(c) sentences, does not match one of the reasons specified in U.S.S.G. § 1B1.13. Therefore, the district court could not have reduced his sentence. *See Bryant*, 996 F.3d at 1254–62. As the prior-panel precedent rule renders *Bryant* binding on us, the district court's judgment is due to be affirmed. *See Steele*, 147 F.3d at 1317–18.

Accordingly, because the government's position is "clearly right as a matter of law" we GRANT its motion for summary affirmance and DENY as moot its motion to stay the briefing schedule. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.