[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-10587

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEETAVIOUS M. GAINES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:96-cr-06159-KMM-1

————————————————

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Leetavious M. Gaines, a counseled federal prisoner, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release pursuant to § 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act"). The government has moved for summary affirmance, and Gaines has responded by conceding that the merits of his appeal are squarely foreclosed by binding precedent. We agree and affirm.[1]

A jury found Gaines guilty of one count of conspiracy to commit Hobbs Act robbery, six counts of Hobbs Act robbery, six counts of use of a firearm during a crime of violence, and one count of possession of a firearm after having been convicted of a felony. The district court sentenced him to a total sentence of 1330 months' imprisonment. We affirmed his convictions and sentence. *See United States v. Liddell*, 192 F.3d 130 (11th Cir. 1999).

In 2020, Gaines filed the present, counseled motion for compassionate release. He did so before we decided *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). Gaines argued that the United States Sentencing Guidelines § 1B1.13 policy statement, which lists extraordinary circumstances

---

[1] We DENY the government's alternative request to stay the briefing schedule as moot.

warranting compassionate release, did not apply to prisoner motions, so the district court could consider his "stacked" sentences as an extraordinary and compelling reason warranting release. He also argued that the 18 U.S.C. § 3553(a) factors weighed in favor of release. The district court denied the motion for compassionate release, concluding that Gaines's arguments regarding stacked sentences failed under this Court's recent decision in *Bryant*. The district court also found that the § 3553(a) factors did not weigh in favor of release.

Gaines appealed. The government has moved for summary affirmance, arguing that *Bryant* forecloses Gaines's stacked-sentences argument. The government further asserts that the district court properly weighed the § 3553(a) sentencing factors. In response, Gaines concedes that *Bryant* forecloses his stacked-sentences argument and therefore forecloses the merits of his appeal, rendering a decision on the district court's weighing of the § 3553(a) factors unnecessary. We agree.

Summary disposition is appropriate, as relevant here, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2] Under our prior panel precedent rule, a prior

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by us sitting en banc. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998).

In *Bryant*, this Court concluded that a district court may not reduce a sentence unless a reduction would be consistent with United States Sentencing Guidelines § 1B1.13's definition of extraordinary and compelling reasons. *Bryant*, 996 F.3d at 1252–62. The *Bryant* panel further concluded that the catch-all provision in the commentary to § 1B1.13 did not grant district courts the discretion to develop other reasons outside those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1248, 1263, 1265.

*Bryant* binds this panel. *See Steele*, 147 F.3d at 1317–18. And, as Gaines concedes, that a defendant received stacked sentences is not a reason listed in § 1B1.13. Thus, under *Bryant*, Gaines cannot show extraordinary and compelling reasons justifying his release, and so he cannot prevail in his appeal as a matter of law. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). We therefore **GRANT** the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.